IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


ASPEN SPECIALTY INSURANCE    )
COMPANY, a foreign           )
insurance company,           )
                             )
     Plaintiff,              )
                             )     CIVIL ACTION NO.
     v.                      )      2:13cv919-MHT
                             )           (WO)
MERION REALTY MANAGEMENT,    )
LLC, a foreign limited       )
liability company, et al.,   )
                             )
     Defendants.             )

OPINION AND ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. See

28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The complaint here is insufficient because it does not indicate the citizenship of parties that are 'limited liability companies': Merion Realty Management, LLC, Bayview Loan Servicing, LLC, Bayview Asset Management, LLC, and Arlington Management, LLC.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company."  Id.  (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

The complaint is also insufficient because it does not indicate the citizenship of plaintiff Aspen Specialty

Insurance Company.  If the entity is a corporation, then the complaint must allege the citizenship of both the State of incorporation <u>and</u> where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(2); <u>American Motorist Insur. Co. v. American Employers' Insur. Co.</u>, 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam).  If the entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited.  <u>Carden v. Arkoma Associates</u>, 494 U.S. 185 (1990).  If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of its members.  <u>Xaros v. U.S. Fidelity and Guar. Co.</u>, 820 F.2d 1176, 1181 (11th Cir. 1987).  If the entity is a limited liability company, the complaint must, as stated, allege "[t]he citizenships of all members of the limited liability company." <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11 Cir. 2004). (And, if the entity consists of several entities, the complaint must, as stated,

reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff Aspen Specialty Insurance Company has until January 24, 2014, to amend the complaint to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 7th day of January, 2014.

                                              /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**